**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL W. ERVIN,
      Appellant,

DOCKET NUMBER
SF-0752-17-0722-X-1

v.

UNITED STATES POSTAL SERVICE,
      Agency.

DATE: March 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mary DiGioia</u>, Bellflower, California, for the appellant.

<u>Catherine V Meek</u>, Long Beach, California, for the agency.

<u>Roderick D Eves</u>, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**ORDER TO SHOW CAUSE**

¶1      On September 25, 2017, the appellant appealed his removal from the position of Manager, Customer Service, to the Board. *Ervin v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0722-I-1, Initial Appeal File (IAF), Tab 1. On December 3, 2018, the administrative judge issued an initial decision mitigating the appellant's removal to a demotion to the position of Supervisor,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Customer Service. IAF, Tab 30, Initial Decision (ID) at 14. The administrative judge ordered the agency to cancel the appellant's removal and substitute in its place a demotion to the position of Supervisor, Customer Service; and to pay the appellant the appropriate amount of back pay, with interest, as well as to adjust the appellant's benefits with appropriate credits and deductions. ID at 14-15. That initial decision became the final decision of the Board on January 7, 2019, after neither party petitioned the full Board for review. ID at 16-17.

¶2 On March 18, 2019, the appellant filed a petition for enforcement of the Board's Order, alleging that the agency had not yet returned him to work. *Ervin v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0722-C-1, Compliance File (CF), Tab 1 at 3. On May 10, 2019, the administrative judge issued a compliance initial decision granting the petition for enforcement because the agency failed to demonstrate that it cancelled the appellant's removal; placed him in a Supervisor position; or paid him back pay, interest, and benefits. CF, Tab 5, Compliance Initial Decision at 4. The administrative judge again ordered the agency to: (1) cancel the removal and substitute in its place a demotion to the position of Supervisor, Customer Service; (2) pay the appellant the correct amount of back pay, interest, and benefits; and (3) inform the Board in writing of all actions taken to comply with the Board's Order and the date on which it believes it has fully complied.

¶3 On July 9, 2019, the agency filed a statement of compliance pursuant to 5 C.F.R. §§ 1201.183(a) and 1201.183(a)(6)(ii). *Ervin v. U.S. Postal Service*, MSPB Docket No. SF-0752-17-0722-X-1, Compliance Referral File (CRF), Tab 3. The agency stated in its response that it believed there was no need to cancel the appellant's removal because the removal was never actually effectuated due to the appellant's resignation. CRF, Tab 3 at 4. The agency further stated that it reactivated the appellant's employment and placed him into a position as Supervisor, Customer Service, at the Pico Rivera Post Office, where he reported for the first time on June 24, 2019. *Id.* The agency finally stated

that, for the agency to be able to complete the back pay requirement, the appellant needed to complete the agency's back pay forms addressing outside employment and other sources of income. *Id.* at 5.

¶4    On July 22, 2019, the appellant responded to the agency's proof of compliance. CRF, Tab 4. The appellant asserted that his new assignment was farther from his home than his original position, despite similar vacant positions existing in his original facility. *Id.* at 11. The appellant further stated that he submitted the requisite back pay forms to the agency on July 1, 2019. *Id.*

¶5    On June 19, 2020, the Clerk of the Board issued an Order stating that further evidence from the agency was required before the Board could make a determination on compliance. CRF, Tab 5 at 2-3. The Clerk of the Board noted that, as of the date of the Order, the agency had not yet submitted any evidence demonstrating that all back pay funds have been paid to the appellant, provided any explanation as to how it chose the appellant's new position, or stated whether it cancelled the Standard Form (SF) 50 reflecting the appellant's retirement. *Id.* The Clerk of the Board directed the agency to inform the Board whether all back pay funds had been paid to the appellant, and if the agency claimed that the back pay funds had been paid, the agency's submission was required to include full details of the back pay calculations and a narrative summary of the payments. *Id.* The Clerk of the Board further directed the agency to state whether it had cancelled the petitioner's retirement SF-50 and also inform the Board regarding how it chose the appellant's new position, including the location, and explain why the appellant was not returned to his original work location. *Id.*

¶6    On April 23, 2021, the Clerk of the Board issued another Order due to the agency's failure to respond to the June 19, 2020 Order. CRF, Tab 6. The April 23, 2021 Order repeated the June 19, 2020 directive to the agency and also warned the agency that failure to submit the required information may lead to the issuance of sanctions against the responsible agency official pursuant to 5 U.S.C.

§ 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c). *Id.* at 2. The agency provided no response to the April 23, 2021 Order.

¶7 On September 28, 2022, the Board issued an Order to Show Cause due to the agency's failure to respond to the April 23, 2021 Order. CRF, Tab 9. The Board ordered the agency to submit evidence of compliance and further ordered Cynthia Garcia, the agency management official identified as responsible for ensuring the agency's compliance, to show cause why the Board should not impose sanctions for the agency's noncompliance. *Id.* at 4.

¶8 On December 13, 2023, after multiple contact attempts by the Board's Office of General Counsel, the agency submitted what it deemed its "Notice of Compliance." CRF, Tab 12. In its submission, the agency asserted that it believed it was in compliance with the Board's December 3, 2018 Order with respect to the appellant's return to employment but also stated that it was still researching whether appellant had been paid all back pay. *Id.* at 4-6. The agency did not, however, respond to the Clerk's Order that the agency show cause why Cynthia Garcia should not be sanctioned for the agency's failure to respond to previous orders. *Id.*

¶9 Since the agency's submission of the December 13, 2023 "Notice of Compliance," the Board's Office of General Counsel has made multiple attempts to contact agency counsel regarding the agency's efforts at further compliance but has not received any substantive response from agency counsel of record, although agency counsel occasionally responded by email to indicate she was in receipt of these communications and fully aware of the Board's orders and the agency's unfulfilled obligations.

¶10 Pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c), the Board has authority to impose sanctions against the agency official responsible for noncompliance with a Board order. Such sanctions may include a ruling adverse to the agency and certification to the Comptroller General of the United States that no payment is to be made to certain agency employees found to be in

noncompliance with the Board's order. 5 C.F.R. § 1201.183(e). The agency identified Cynthia Garcia as the agency official charged with complying with the Board's Order.[2] CRF, Tab 3 at 5.

¶11    It has been nearly 5 years since the administrative judge first found the agency not in compliance, and the agency has put forward minimal effort demonstrating it has reached full compliance with respect to the appellant's back pay. Accordingly, pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c), the agency, Ms. Garcia, and agency counsel, Ms. Catherine Meek, are hereby DIRECTED TO SHOW CAUSE why sanctions should not be imposed for the agency's failure to comply with the Board's December 3, 2018 Order. The agency, Ms. Garcia, and Ms. Meek shall submit their written responses within 21 days of the date of this Order. If no response is filed within this time frame, the Board will issue an order requiring the agency, Ms. Garcia, and Ms. Meek to appear in person before the Board at MSPB Headquarters, Washington, D.C. *See* 5 C.F.R. § 1201.183(c).

---

[2] In the September 28, 2022 Order, the Board ordered the agency to inform the Board if Ms. Garcia was no longer the agency official responsible for ensuring compliance. CRF, Tab 9 at 4. The agency's December 13, 2023 "Notice of Compliance" did not respond to the Board's Order in this regard, and the Board thus presumes Ms. Garcia is still the correct official. The agency is therefore ORDERED to serve a copy of this Order upon Ms. Garcia. The agency is further ORDERED to submit proof with its response that it served a copy of this Order upon Ms. Garcia. Finally, because the agency's current representative has repeatedly failed to respond to Board orders and inquiries from the Board's Office of General Counsel, this Order is concurrently being served upon Roderick Eves, MSPB Unit Lead for the agency, in order to ensure that the agency is fully aware of and responsive to its obligations under this Order.

¶12    The appellant shall file any response to the agency's, Ms. Garcia's, and Ms. Meek's submissions within 21 days of the date of service of each submission. If the appellant fails to respond, the Board may assume he is satisfied and dismiss the petition for enforcement.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.